IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHANE WARD, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | CIVIL NO. JKB-23-1382 |
| TIMOTHY FARO, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Shane Ward's Motion for Clarification. (ECF No. 25.) He seeks clarification regarding his October 3, 2023 Motion for Default Judgment and the Court's recently-issued Scheduling Order. (*Id.*) He also seeks that "the court [ ] request defendant, Timothy Faro, to submit an explanation with the answer to plaintiff['s] complaint via counsel as Timothy Faro is the owner of Birdland Builders LLC and should be held to the same standards of Birdland Builders LLC order." (*Id.*) The Court will clarify the status of this case, given that both Ward and Faro and currently proceeding without counsel, and will deny Ward's request to require Faro to obtain a lawyer to represent himself.

### I. Procedural History

The Court will first summarize the procedural history of this case. Ward filed a Complaint on May 24, 2023 and served the Complaint on Defendants Timothy Faro and Birdland Builders LLC ("Birdland") on July 11, 2023. (ECF Nos. 1, 7.) Faro and Birdland's answers were due on August 1, 2023. (*See* ECF No. 7.) Faro, who is also the owner of Birdland, filed an Answer on behalf of both himself and Birdland on August 14, 2023. (ECF No. 9.) On August 17, 2023, Ward

1

filed a Motion for Entry of Default. (ECF No. 10.) It is not clear whether Ward was aware of Faro's Answer at the time he filed that Motion. On August 17, 2023 the Clerk entered an Order of Default and Notices of Default against Faro and Birdland. (ECF Nos. 11–13.)

Thereafter, by Order dated August 23, 2023, the Court vacated the defaults entered against Faro and Birdland, finding that there was good cause to do so, given Faro's self-represented status and the fact that he filed his Answer promptly. (ECF No. 14.) However, Faro was advised that, per Local Rule 101.1, individuals that are parties in a case may not represent other parties in the case, and any company that is a party to a case must be represented by counsel. (*Id.*) He was therefore advised that he may represent himself in this matter if he so chooses, but that Birdland must be represented by counsel. (*Id.*) Birdland was directed to file an answer, through counsel. (*Id.*)

On October 2, 2023, Ward filed another Motion for Entry of Default, explaining that Faro and Birdland had not filed answers. (ECF No. 16.) Because Faro has filed an Answer, as noted above, the Clerk entered a default as to only Birdland, but not as to Faro. (ECF No. 21.)[1] Ward then filed a Motion for Default Judgment as to Faro and Birdland. (ECF No. 20.)

The Court issued a Scheduling Order on October 6, 2023. (ECF No. 24.) Ward then filed the pending Motion for Clarification. (ECF No. 25.)

**II.   Discussion**

The Court takes each of Ward's contentions in turn. First, Ward seeks clarification regarding his October 3, 2023 Motion for Default Judgment. His Motion for Default Judgment asks that this Court enter default judgment against Faro and Birdland, given the lack of an answer from either. (ECF No. 20.) This misstates the record in this case. As noted above, Faro has filed

---

[1]   The Clerk initially docketed an Entry of Default and Notices of Default against both Faro and Birdland, but has since corrected that error. The only operative default is against Birdland.

an answer on behalf of himself and there is no operative default against Faro. Further, the Court generally avoids entering default judgment against one defendant in an action where there is an answering defendant. *See Leighton v. Homesite Ins. Co. of the Midwest*, 580 F. Supp. 3d 330, 333 (E.D. Va. 2022) ("[W]here multiple defendants are jointly and/or severally liable for Plaintiff's alleged damages, or are otherwise similarly situated, courts should refrain from issuing a default judgment until the answering defendant addresses the merits of the plaintiff's claims."). Accordingly, Ward's Motion for Default Judgment will be denied without prejudice. He may refile such motion against Birdland at a later time, if appropriate.

Second, Ward seeks clarification regarding whether the Scheduling Order relates solely to Faro, and not to Birdland. (ECF No. 20.) Ward is correct. The Scheduling Order sets out a schedule with respect to only Ward and Faro, as Birdland has not filed an operative answer or other responsive pleading in this matter. Faro is reminded that Birdland must be represented by counsel, and that Faro cannot represent Birdland in this matter.

Finally, Ward seeks that "the court [ ] request defendant, Timothy Faro, to submit an explanation with the answer to plaintiff['s] complaint via counsel as Timothy Faro is the owner of Birdland Builders LLC and should be held to the same standards of Birdland Builders LLC order." (ECF No. 20.) The Court will deny this request. While obtaining counsel would be a prudent step for both Ward and Faro, the Court will not require Faro to obtain counsel to represent himself. Again, Faro cannot represent Birdland, but he is permitted to represent himself in this matter.

Accordingly, it is ORDERED that:

1. Ward's Motion for Clarification (ECF No. 25) is GRANTED insofar as it seeks clarification regarding the above-described matters;

2. Ward's Motion for Clarification (ECF No. 25) is DENIED insofar as it seeks to require Faro to obtain counsel to represent himself;

3. Ward's Motion for Entry of Default Judgment (ECF No. 20) is DENIED as to Faro, as Faro has filed an Answer, and is DENIED WITHOUT PREJUDICE as to Birdland;

4. The parties are DIRECTED to comply with the Court's October 5, 2023 Scheduling Order (ECF No. 24); and

5. The Clerk is DIRECTED to mail a copy of this Order and the Scheduling Order (ECF No. 24) to Ward and to Faro.

DATED this 17 day of October, 2023.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge